# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 25-MJ-1599 |
| TRAYVINE JACKSON | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The government, by and through its attorneys, David Metcalf, United States Attorney, and Amanda R. Reinitz, Assistant United States Attorney, hereby submits this Motion for Pretrial Detention to assist the Court in the Pretrial Hearing scheduled for Tuesday, August 12, 2025.

On June 21, 2025, the defendant, together with his two co-defendants, robbed a Brink's armored truck using long guns, of over $2 million in cash. During a search of the defendant's home, more than a million dollars in cash was found, along with paper money bands used by Brink's to package currency. The defendant is a former Brink's driver who was fired for suspected stealing. Two long-guns, consistent in appearance with those used by the robbers were also found, along with a stolen firearm. As the defendant is charged with a crime of violence, as well as brandishing and aiding and abetting the brandishing of firearms, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community, and the defendant cannot overcome this presumption. Because no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, the government moves pursuant to

18 U.S.C. §§ 3142(e) and 3142(f)(1) for a detention hearing and pretrial detention of the defendant.

## I.    THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.    Probable Cause and The Evidence In This Case

1.    There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 1951(a), 924(c), and 2 as charged in the criminal complaint sworn out on July 31, 2025.

2.    The evidence in this case is strong.

a.    On June 21, 2025, a Brink's armored car driver was approaching a Home Depot in Philadelphia as part of his scheduled route when two men holding long guns approached the driver and took his truck keys.  One of the robbers stayed with the driver while the other, Jackson, entered the truck, where he stole more than 2 million dollars belonging to Brink's Inc.  The two men then fled in a rental car, with a third man following in defendant Hughes-Murchison's Ford Fusion.  This rental car was rented by co-defendant Brian Wallace, who returned the rental car less than 4 hours after the robbery.  After returning the car, Wallace walked to co-defendant Hughes-Murchison's car.  Cell Site location information shows Wallace and defendant Jackson were in the area of the car rental location at the same time.

b.    Jackson is a former Brink's truck driver who had previously driven the truck that was robbed, and thus was familiar with how to maneuver within the truck.

c.    Available cell phone records show that co-defendant Hughes-Murchison never contacted Jackson prior to the day of the robbery.  Since that time, phone

records show more than 4 dozen communications between the two.  Phone records show that co-defendant Wallace is the mutual contact for both co-defendant Hughes-Murchison and defendant Jackson.

   d. During a search of Jackson's home, more than a million dollars in cash was found.  Paper money bands used by Brink's to package money were also found.  A Brink's representative has viewed pictures of these money bands and confirmed they are ones used by Brink's.

   e. Although the defendant is not a prohibited person, a stolen handgun was found.  Also found were two long-guns, consistent with the style of weapons used by the robbers on June 21.

  **B.** **Maximum Penalties**

   The maximum sentence for a violation of 18 U.S.C. §§ 1951 and 2 (Hobbs Act robbery and aiding and abetting, per count) is a 20-year term of imprisonment, a 3-year period of supervised release, a $250,000 fine, forfeiture, restitution, and a $100 special assessment.  The maximum sentence for a violation of 18 U.S.C. §§ 924(c) and 2 (brandishing a firearm in furtherance of the Hobbs Act robbery and aiding and abetting, per count) is a 7-year mandatory minimum term of imprisonment consecutive to any other sentence imposed, up to life imprisonment, a 5-year period of supervised release, a $250,000 fine, forfeiture, and a $100 special assessment.

   Due to the nature of these crimes, the defendant faces a mandatory minimum of 7 years of imprisonment and an estimated guidelines range of 11 to 12 and a half years of incarceration.

C.     <u>**Criminal Record**</u>

Although the defendant has no previous criminal convictions, the violent nature of this offense cannot be ignored.  Use of firearms to rob a company of over $2 million shows the dangerous lengths this defendant will go to for money.  Additionally, although several legal firearms were found in the defendant's home, also found was a stolen handgun and long-guns consistent with those used in the robbery.

D.     <u>**Ties to the Community**</u>

Although the defendant has ties to the community, including his children, they were insufficient to stop him from committing this crime.  The defendant is currently unemployed, having been fired from the company he then robbed.  The defendant's actions show that he is a threat to be public if released, and that he has an incentive to flee to avoid punishment.

E.     <u>**Rebuttable Presumption**</u>

As there is probable cause to believe that the defendant committed a crime of violence and a crime for which the maximum punishment is life in prison, it must be presumed, subject to rebuttal by the defendant, that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required.  18 U.S.C. § 3142(e), (f).  The defendant has failed to rebut this presumption.

II.    **<u>CONCLUSION</u>**

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

DAVID METCALF
United States Attorney

/s Amanda R. Reinitz
AMANDA R. REINITZ
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

             **v.**        :        **MAGISTRATE NO. 25-MJ-1599**

TRAYVINE JACKSON        :


## <u>PRETRIAL DETENTION ORDER</u>

AND NOW, this <u>12th</u> day of <u>August 2025</u>, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that this case is appropriate for detention because the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, pursuant to 18 U.S.C. §§ 3142(e) and 3142(f)(1).

The Court makes the following findings of fact:

1.      There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 1951(a), 924(c), and 2 as charged in the criminal complaint sworn out on July 31, 2025.

2.      The evidence in this case is strong.

      a.      On June 21, 2025, Brink's armored car driver was approaching a Home Depot in Philadelphia as part of his scheduled route when two men holding long guns approached the driver and took his truck keys.  One of the robbers stayed with the driver while the other, Jackson, entered the truck, where he stole more than 2 million dollars belonging to Brink's Inc.  The two men then fled in a rental car, with a third man

following in defendant Hughes-Murchison's Ford Fusion.  This rental car was rented by co-defendant Brian Wallace, who returned the rental car less than 4 hours after the robbery.  After returning the car, Wallace walked to co-defendant Hughes-Murchison's car.  Cell Site location information shows Wallace and defendant Jackson were in the area of the car rental location at the same time.

       b.     Jackson is a former Brink's truck driver who had previously driven the truck that was robbed, and thus was familiar with how to maneuver within the truck.

       c.     Available cell phone records show that co-defendant Hughes-Murchison never contacted Jackson prior to the day of the robbery.  Since that time, phone records show more than 4 dozen communications between the two.  Phone records show that co-defendant Wallace is the mutual contact for both co-defendant Hughes-Murchison and defendant Jackson.

       d.     During a search of Jackson's home, more than a million dollars in cash was found.  Paper money bands used by Brink's to package money was also found.

       e.     Although the defendant is not a prohibited person, a stolen handgun was found.  Also found were two long-guns, consistent with the style of weapons used by the robbers on June 21.

3.     The defendant faces a significant sentence if convicted, including the defendant faces a mandatory minimum of 7 years of imprisonment and an estimated guidelines range of 11 to 12 and a half years of incarceration.

4.     Although the defendant has no previous convictions, he is unemployed and is alleged to have robbed his former employer.

5.     Because there is probable cause to believe the defendant committed a crime of violence and a crime for which the maximum punishment is life in prison, it must be presumed, subject to rebuttal by the defendant, that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required.  18 U.S.C. § 3142(e), (f).  The defendant has failed to rebut this presumption.

6.     The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time and the nature of the offenses, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HON. CAROLINE GOLDNER CINQUANTO
*United States Magistrate Judge*

3

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and

Proposed Order was served by e-mail, on the following defense counsel and pre-trial services

officer:

David Mischak, Counsel for the defendant

Maciel De Los Santos, U.S. Pre-Trial Services

/s Amanda R. Reinitz
AMANDA R. REINITZ
Assistant United States Attorney

Date:   August 12, 2025

4